# Order

Michigan Supreme Court
Lansing, Michigan

March 6, 2009

137238

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

DERRIK LAMAR McCOY,
        Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137238
COA: 283953
Kent CC: 06-06798-FC

On order of the Court, the application for leave to appeal the July 21, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the order of the Court of Appeals and REINSTATE the Kent Circuit Court's order denying defendant's untimely request for appointed appellate counsel, for the reasons stated in the Court of Appeals dissent. In a case involving a conviction following a guilty plea, the denial of appointed appellate counsel on the basis of the defendant's failure to comply with the 42-day deadline for requesting counsel in MCR 6.425(G)(1)(c) does not violate *Halbert v Michigan*, 545 US 605 (2005).

      KELLY, C.J. (*dissenting*).

I dissent from this Court's decision to peremptorily reverse the Court of Appeals decision. I also disagree with the majority's hasty determination that *Halbert v Michigan*[1] is not violated in this case. Rather than summarily reversing the Court of Appeals, I would grant the application for leave to appeal. This application raises jurisprudentially significant issues. One concerns the authority of courts to grant untimely requests for appellate counsel. Another concerns the conflicting treatment these requests receive depending on whether the defendant was convicted by trial or by plea agreement. MCR 6.425(G)(1)(b); MCR 6.425(G)(1)(c).

---

[1] *Halbert v Michigan*, 545 US 605 (2005).

## FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty of second-degree murder and possessing a firearm during the commission of a felony under a plea agreement. At sentencing, he was advised that he had 42 days to request appointed counsel. He filed a standard form requesting counsel on the 68th day after his sentencing, which the circuit court denied as untimely. Acting *pro se*, defendant filed an application in the Court of Appeals. Citing *Halbert,* the Court of Appeals majority remanded the case to the circuit court to determine whether defendant was indigent and, if so, to appoint counsel in light of *Halbert*. Judge Hoekstra dissented and opined that the case was not controlled by *Halbert*; therefore, the circuit court had not erred in denying defendant's motion for appointed counsel. The prosecutor appealed.

## *HALBERT* AND MCR 6.425(G)(1)

In *Halbert*, the United States Supreme Court held that indigent defendants have a constitutional right to appointed counsel to assist them in the first-tier appellate reviews of their guilty-plea convictions. The *Halbert* decision effectively overruled this Court's decision in *People v Bulger*,[2] in which a majority of this Court held that no such right existed under either the federal or the state constitution.

Currently, under MCR 6.425(G)(1)(b) and (c), indigent defendants convicted either by trial or plea agreement are entitled to the appointment of appellate counsel if they request counsel within 42 days of sentencing. MCR 6.425(G)(1)(b), which governs only requests for counsel by indigent defendants convicted at trial, states that "[t]he court should liberally grant an untimely request as long as the defendant may file an application for leave to appeal." By contrast, MCR 6.425(G)(1)(c), which controls requests for counsel by indigent defendants convicted by plea agreement, contains no such provision and is entirely silent on the issue of untimely requests for counsel.

## CONCLUSION

The central holding of *Halbert* is not directly implicated here. However, this case raises lingering issues unresolved by *Halbert* and implicates similar concerns about the disparate treatment of criminal defendants convicted by plea rather than a trial. Therefore, I would grant leave to appeal to consider: (1) whether circuit courts have the authority to grant indigent, plea-convicted defendants' delayed requests for appellate counsel under MCR 6.425(G)(1)(c) where the rule is entirely silent on the issue; (2) if so, what standards or criteria should be considered in granting such requests; (3) if not, whether *Halbert* requires more protection for plea-convicted defendants than the court rules currently provide; and (4) whether the disparity in treatment between tardy requests

[2] *People v Bulger*, 462 Mich 495 (2000).

for appellate counsel made by indigent defendants convicted by trial and those convicted by plea is sustainable under the Equal Protection Clause.

I would not peremptorily reverse the Court of Appeals decision but would grant the application for leave to appeal.

CAVANAGH, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 6, 2009

Clerk

s0303